## ZACHARY TAYLOR *vs.* CHAUNCY JACOBS.

Suffolk.    Nov. 14. — 17, 1884.    FIELD, DEVENS, & COLBURN, JJ., absent.

A charge of fraud filed by a judgment creditor, under the Pub. Sts. c. 162, against his debtor, upon the latter's application to take the oath for the relief of poor debtors, alleged that the debtor, after the debt was contracted, fraudulently conveyed a watch with the design to secure it to himself and to defraud his creditors. There was evidence at the trial that, after the debt accrued, he was in possession of and the owner of a watch. He admitted that he had owned the watch; and testified at the trial that he sold it in the latter part of 1881, which was before the present cause .of action accrued. In his examination before the magistrate, he had testified that he sold it in the latter part of 1882, which was after the cause of action accrued. *Held*, that the jury were justified in finding the debtor guilty.

CHARGES OF FRAUD, filed by a judgment creditor, under the Pub. Sts. *c.* 162, against his debtor, upon the latter's application to take the oath for the relief of poor debtors. At the trial in the Superior Court, before *Brigham*, C. J., the jury returned a verdict of guilty; and the debtor alleged exceptions, which appear in the opinion.

*G. R. Swasey*, for the debtor.

*G. J. Tufts*, for the creditor.

BY THE COURT.    The defendant waives all his exceptions, except the one taken to the refusal of the court to rule that, " upon the evidence, the plaintiff could not maintain said charges." He now argues that there was not sufficient evidence to be submitted to the jury upon the seventh charge. As he did not request the court to rule upon the sufficiency of the evidence to support this particular charge, it is at least doubtful whether this question is open to him under this bill of exceptions. But, waiving this, we are of opinion that his exception must be overruled. The seventh charge is, that the defendant, after the debt was contracted, fraudulently conveyed a watch, with the design to secure it to himself and to defraud his creditors. There was direct testimony that, after the debt accrued, he was in possession of, and the owner of, a watch. He admitted that he had owned the watch; and testified at the trial that he sold it in the latter part of 1881, which was before the cause of action in this suit accrued. In his examination before the magistrate, he had

testified that he sold it in the latter part of 1882, which was after the cause of action accrued. This change of testimony apparently was made to meet the necessities of his case, and the fact that he was directly contradicted by other witnesses justified the jury in believing that he was intentionally falsifying as to his disposition of the watch; and the inference that he had parted with it after the cause of action accrued, for the purpose of defrauding his creditors, was not a violent or unreasonable one. The evidence was properly submitted to the jury.

*Exceptions overruled.*